UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE HENDRIX, | No. 2:21-cv-1062-EFB P |
| Plaintiff, | |
| v. | ORDER |
| J. GOMEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he has filed an application to proceed in forma pauperis (ECF No. 8). As discussed below, the court will grant his application to proceed in forma pauperis and screen his complaint.

### Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application (ECF No. 8) and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

/////

1

Screening

I. Legal Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II. *Analysis*

Plaintiff's complaint states a potentially viable claim of excessive force against defendant correctional officer J. Gomez. *See* ECF No. 1 at 3-4 (alleging that defendant Gomez and two unidentified officers handcuffed plaintiff, attacked him, and repeatedly hit him in the face with closed fists because plaintiff refused to step out of his cell for a cell search). Although plaintiff lists officers D. Long and M. Saeturn as additional defendants, he makes no specific allegations against them in the complaint. The complaint's vague references to "they" are not sufficient. *See, e.g., id.* at 3.

Plaintiff purports to assert a "second claim" asserting that "they're trying to frame me for something I didn't do . . . ." *Id.* at 4. Liberally construed, plaintiff seems to be alleging that the officers issued a false rules violation report against him for battery on a peace officer. *Id.* So long as plaintiff received the process he was due during any related rules violation proceedings, this allegation, without more, is not sufficient to state a claim of constitutional injury under the Due Process Clause. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976)

Plaintiff's third claim is that his administrative appeals were ignored. ECF No. 1 at 5. Any failure to properly process or respond to an administrative appeal, however, does not violate due process, as there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

For these reasons, plaintiff may either proceed only on the potentially cognizable excessive force claim against defendant J. Gomez or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint.

### Leave to Amend

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if

/////

he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 8) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint alleges, for screening purposes, a potentially cognizable excessive force claim against defendant J. Gomez.
4. All other claims, including those against defendants D. Long and M. Saeturn, are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If

the former option is selected and returned, the court will enter an order directing service at that time.

6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: September 13, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE HENDRIX,<br><br>Plaintiff,<br><br>v.<br><br>J. GOMEZ, et al.,<br><br>Defendants. | No.  2:21-cv-1062-EFB P<br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____    proceed only with the excessive force claim against defendant Gomez;

OR

(2) _____    delay serving any defendant and file an amended complaint.

                                                                           Plaintiff

Dated: