UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE HENDRIX, | No. 2:21-cv-01062-WBS-EFB (PC) |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| J. GOMEZ, | |
| Defendant. | |

    Plaintiff is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983.  Defendant moves to dismiss the complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  ECF No. 27.  For the reasons that follow, the motion to dismiss must be denied.

**I.    Background**

    This action proceeds on plaintiff's claim that defendant used excessive force against him on November 12, 2020.  ECF No. 1 at 3, 13; ECF No. 11; ECF No. 16.  Defendant submits documents to the court indicating that plaintiff was found guilty of a rules violation for battery on a peace officer as a result of the altercation.  ECF No. 28 (Def.'s Request for Judicial Notice ISO Mot. to Dismiss).[1]

---

[1] Defendant asks the court to judicially notice the records of the California Department of Corrections and Rehabilitation concerning plaintiff's rules violation.  ECF No. 28.  Because the court need not consider the content those documents to determine the instant motion, the court declines to rule on the request for judicial notice.

1

**II.     The Motion to Dismiss**

Defendant argues that the case must be dismissed because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck* and its progeny, the Supreme Court held that, where a judgment in a prisoner's favor on § 1983 action would necessarily imply the invalidity of the prisoner's sentence or conviction, the prisoner's claim is not cognizable until she demonstrates that the sentence or conviction has been invalidated.  *Heck*, 512 U.S. at 483, 486-87. This rule usually applies where success in a prisoner's civil rights suit would necessarily invalidate a disciplinary determination that carried a forfeiture of behavioral credits, because a finding in the prisoner's favor would invalidate the credit forfeiture and thus reduce the sentence.  *Edwards v. Balisok*, 520 U.S. 641, 644 (1997).  However, where the plaintiff has been released from custody – and thus cannot challenge the discipline through a habeas petition because such a petition would be dismissed as moot – he may pursue a damages action under § 1983 even if success therein would imply the invalidity of the discipline and revocation of credits.  *Nonette v. Small*, 316 F.3d 872, 876-77 (9th Cir. 2002).  *See also Martin v. City of Boise*, 920 F.3d 584, 613 (9th Cir. 2019); *Lyall v. City of L.A.*, 807 F.3d 1178, 1191-92 (9th Cir. 2015).

Here, the parties do not dispute that plaintiff was assessed a 150-day forfeiture of time credits as a result of the disciplinary determination he received after the altercation between plaintiff and defendant.  ECF Nos. 27 at 7, 30.  But it is also undisputed that plaintiff was slated for release on June 1, 2022.  ECF No. 27 at 6; ECF No. 30.  Searches of the California Department of Corrections and Rehabilitation's Inmate Locator website on June 26, 2022 under both plaintiff's name and inmate identification number revealed no inmate by plaintiff's name in California state prison.  CDCR Inmate Locator, https://inmatelocator.cdcr.ca.gov/search.aspx.  It thus appears that plaintiff is no longer incarcerated and would therefore be unable to seek reversal or expungement of the disciplinary finding as *Heck* requires, thus bringing this action within the exception to *Heck* recognized by the Ninth Circuit in *Nonette*.

/////

/////

/////

### III. Conclusion and Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that defendant's April 4, 2022 motion to dismiss (ECF No. 27) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 19, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE