UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE HENDRIX, | No. 2:21-cv-01062-WBS-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| J. GOMEZ, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion seeking a temporary restraining order, appointment of counsel, and a "*Pitchess* motion." ECF No. 43. For the reasons stated below, the motion should be denied in its entirety.

<u>Motion for Temporary Restraining Order</u>

This case proceeds on plaintiff's claim of excessive force against defendant J. Gomez, a correctional officer at California State Prison, Sacramento (CSP-Sac). ECF No. 16. Plaintiff is currently confined at Wasco State Prison. ECF No. 43. On an unspecified date, plaintiff was told he would be returning to CSP-Sac, but they "scratched [him] off the list." *Id.* Plaintiff states that he fears for his safety and does not want to get hurt anymore. *Id.* Liberally construed, plaintiff requests an order prohibiting his transfer to CSP-Sac.

/////

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997) ("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

Plaintiff has not met his burden for obtaining the order he seeks. He has made no effort to establish likelihood of success on the merits or any of the other factors the court must weigh in order to determine whether a injunctive relief may be granted. Notably, the court cannot find that plaintiff faces irreparable harm in the absence of injunctive relief because there is no evidence that plaintiff will be returned to CSP-Sac. Even if there was, plaintiff presents no evidence that defendant Gomez would pose a threat to plaintiff's safety.

Motion for Appointment of Counsel

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must

consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

### *Pitchess* Motion

Plaintiff also seeks a *Pitchess* motion. A *Pitchess* motion is a California state court procedure for discovery of peace officer personnel records codified in the California Evidence Code. *Gradford v. McDougall*, No. 1:17-cv-00575-DAD-GSA-PC, 2019 U.S. Dist. LEXIS 37041, *2 (E.D. Cal. Mar. 7, 2019). In this federal civil rights action, it is the Federal Rules of Civil Procedure that apply. To the extent that plaintiff seeks to discover defendant's personnel files, the proper vehicle for doing so would have been a request for production of documents pursuant to Rule 34(a). Plaintiff's deadline for serving such a discovery request, however, passed on January 13, 2023. ECF No. 36 at 4. For these reasons, plaintiff's request for a *Pitchess* motion is denied.

### Conclusion

Accordingly, IT IS ORDERED that the portions of plaintiff's motion at ECF No. 43, seeking appointment of counsel and a *Pitchess* motion, are DENIED.

Further, IT IS RECOMMENDED that the portion of plaintiff's motion at ECF No. 43, seeing a temporary restraining order, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 2, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE