UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMENIQUE HENDRIX,<br><br>Plaintiff,<br><br>v.<br><br>J. GOMEZ, et al.,<br><br>Defendants. | No. 2:21-CV-01062-WBS-EFB (PC)<br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, filed this civil rights action on June 16, 2021, seeking relief under 42 U.S.C. § 1983. Plaintiff alleges that defendant Officer Gomez used excessive force against him during an incident when plaintiff refused to step out of his cell by throwing plaintiff on the ground and punching him in the face without justification. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On September 7, 2023, defendant filed a motion for summary judgment on the ground that plaintiff has failed to exhaust his administrative remedies. (ECF No. 49.) After plaintiff failed to file an opposition within the prescribed time, on October 18, 2023, the magistrate judge ordered plaintiff to file an opposition or a statement of non-opposition to the pending motion within thirty days. (ECF No. 51.) In that order, the magistrate judge advised plaintiff that failure to comply with the order may result in waiver of opposition or dismissal of the action pursuant to Rule 41(b)

1

of the Federal Rules of Civil Procedure.

After the thirty-day period expired, and plaintiff did not file an opposition, statement of non-opposition, or other response to the order, on December 19, 2023, the magistrate judge filed findings and recommendations, recommending that rather than considering plaintiffs failure to comply with that order as a waiver of opposition this court should *sua sponte* dismiss this action without prejudice pursuant to Rule 41(b). Neither party has filed objections to the findings and recommendations. For the following reasons, the court declines to follow the magistrate judge's recommendation.

I. Federal Rule of Civil Procedure 41(b).

A. Failure to Prosecute.

Rule 41(b) allows the court to dismiss an action either for failure to prosecute or for failure to comply with the rules or a court order. See Fed. R. Civ. Proc. 41(b). If the dismissal is for failure to prosecute, it is usually because the court has concluded that plaintiff is no longer interested in pursuing his action. See, e.g., Huey v. Teledyne, Inc., 608 F.2d 1234, 1238 (9th Cir. 1979) (affirming dismissal for failure to prosecute where district judge "conclude[d] that [plaintiff] did not plan to go forward with his suit"); cf. Ace Novelty Co. v. Gooding Amusement Co., 664 F.2d 761, 762–63 (9th Cir. 1981) (dismissal for failure to prosecute was inappropriate where plaintiff wished to proceed to trial). A plaintiff's abandonment of the case alone may be sufficient reason in itself to dismiss an action under Rule 41(b). See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant"); Mir v. Fosburg, 706 F.2d 916, 918 (9th Cir. 1983) (same).

However, just because a pro se plaintiff does not file a response to a motion for summary judgment, even when ordered to do so, does not necessarily mean he wishes to abandon his entire action altogether. The court must consider the entirety of the circumstances of each case individually before determining to dismiss an action for lack of prosecution under Rule 41(b). See Huey, 608 F.2d at 1238 (the inquiry under Rule 41(b) "of necessity, depends upon the facts of each case"); Mir, 706 F.2d at 918–19 (considering the entire record and district court filings in

determining whether dismissal for failure to prosecute was appropriate).  Here, it appears that beginning January 2, 2024, the mail sent by the court to plaintiff at his prison address was returned as either undeliverable, discharged, or refused.  It is a plaintiff's responsibility to keep the court apprised of his current address at all times, and pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.  Nevertheless, it does not necessarily follow from the fact that plaintiff did not properly inform the court of his change of address that he actually desires to abandon the prosecution of his case.

   B.  Failure to Comply with Court Order.

   If the dismissal is for failure to comply with a rule or order, it is imposed as a sanction.  See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063 (9th Cir. 2004) (dismissal for failure to follow a court order under Rule 41(b) "is deemed a sanction for disobedience").  In determining whether to dismiss a case as a sanction for failure to comply with a court order the district court must weigh the following factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

     1.  The public's interest in expeditious resolution of litigation.

   It is important that disputes be resolved promptly.  Justice delayed is indeed justice denied.  However, the speediest resolution is not always the most just.  In our zeal to decide matters promptly, judges must not lose sight of our obligation to decide them fairly.  See Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1279 (9th Cir. 1980) (indicating that the purpose of Rule 41(b) is to further "the federal goal of 'secur[ing] the just, speedy, and inexpensive determination of every action'") (quoting Fed. R. Civ. Proc. 1).  As the Ninth Circuit has observed, summary dismissal is by definition almost always the speediest way to dispose of an action.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  If that were all that was required, the first Ferdik factor would be met in every case.  However, the public interest does not

3

demand the speediest resolution, only an expeditious resolution that is fair and just. See Nealey, 662 F.2d at 1279.

Here, defendant's motion for summary judgment has been fully briefed and is fairly straight forward. (ECF No. 49.) In it, defendant raises the contention that although plaintiff filed grievances with the California State Prison, Sacramento Office of Grievances related to the use-of-force incident involving Officer Gomez, he failed to exhaust his administrative remedies through the Office of Appeal for those claims prior to filing this action, as required by the Prison Litigation Reform Act of 1996 ("PLRA"). The court concludes that this matter can be resolved just as expeditiously by considering defendant's arguments as it can be by summarily dismissing plaintiff's action as a sanction for his failure to file a formal opposition to the motion.

2.  The court's need to manage its docket.

Case management is not synonymous with closing files. Addressing the merits of pending motions is also a form of case management. In the court's view, litigants and the public have a better feeling about the quality of justice when they see that motions have been adjudicated on the merits of the issues presented rather than for the convenience of the court in managing its caseload.

3.  The risk of prejudice to the defendant.

The magistrate judge opined that the third Ferdik factor, prejudice to defendants from plaintiff's failure to oppose the motion, favored dismissal because plaintiff's failure to oppose the motion prevents defendant from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendant to incur additional time and expense. The court does not see it that way. If plaintiff had filed an opposition, defendant would have had to file a reply. Because plaintiff filed no opposition, defendant does not have to file a reply. Plaintiff's failure to file an opposition did not delay resolution of this action. If anything, it has hastened it. And it did not cause defendant to incur any additional time or expense.

4.  The public policy favoring disposition on the merits.

The magistrate judge's findings and recommendations concede that this factor weighs against dismissal of this action as a sanction. The court notes, in addition, that defendant did not

4

move for dismissal as a sanction. Defendant moved for summary judgment on the merits. There is a difference. Although Rule 41(b) provides that dismissal under that rule operates as an adjudication on the merits, the magistrate judge recommended that the dismissal be without prejudice. As such, adopting the magistrate judge's recommendation might not preclude plaintiff from later refiling another action based on the same incident. It is understandable why defendant might prefer an adjudication by summary judgment, which could constitute res judicata or collateral estoppel against future actions. Defendant's motion also raises important issues relating to the obligation of prisoners to fully exhaust their administrative remedies before bringing a lawsuit concerning prison conditions, and the Attorney General in representing defendant has an understandable interest in enforcing that obligation, which would go unaddressed if this court were to dismiss the action under Rule 41(b).

        5.        <u>The availability of less drastic alternatives.</u>

Local Rule 230(c) provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." That is an alternative to summary dismissal which our local rules seem to deem suitable. Also, in prisoner cases such as this one, Local Rule 230(l) provides that "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Again, each case must be evaluated on its own facts to determine the most appropriate alternative. Here, the court finds submission of defendant's motion without input from plaintiff, as contemplated by Local Rules 239(c) and (l), to be the most appropriate remedy to deal with plaintiff's failure to file an opposition.

C.    <u>Conclusion.</u>

It appears from the docket sheet that plaintiff received the magistrate judge's order of October 18, 2023, directing him to file an opposition or statement of non-opposition to the motion for summary judgment, but the magistrate judge's findings and recommendations of December 19, 2023, were returned to the court as "undeliverable, discharged-refused." The court would be justified in concluding from plaintiff's failure to keep the court informed of his change of address

that he no longer wishes to proceed with this lawsuit.  On the other hand, the circumstances of plaintiff's confinement appear to be complicated.  When his place of confinement was changed on a prior occasion, he notified the court of his change of address on August 4, 2021.  (ECF No. 10.)  The court has now learned that when plaintiff was subsequently released from the California state prison system on or about December 2, 2023, he was transferred to a post release supervision program in Ventura County, California.  The circumstances of his ability to communicate with this court in that program are unclear to the court.  It is possible from this sequence of events that plaintiff simply forgot about his obligation to keep the court informed of his address, or was unable to do so, after he was released from state to county custody or that he simply chose to have defendant's motion decided on the moving papers.

Plaintiff appears to have diligently prosecuted this case until he was discharged from the prison system, including the execution of a consent to proceed before the magistrate judge on July 16, 2021 (ECF No. 7), an election to proceed only with his excessive force claim against Gomez in response to the magistrate judge's screening order on September 29, 2021 (ECF No.14), and the filing of a successful opposition to defendant's motion to dismiss his complaint, which the court declined to dismiss on September 27, 2022 (ECF No. 32).  Considering the totality of the circumstances in this case, the court will not exercise its discretion to dismiss for lack of prosecution under Rule 41(b).

With regard to plaintiff's failure to comply with the magistrate judge's order, the first two Ferdik factors tend to support dismissal under Rule 41(b).  It certainly would be simpler to follow the magistrate judge's recommendation and summarily dismiss this action for lack of prosecution or for failure to comply with the court's order without any consideration of the merits of defendant's motion.  That in itself would free the court's time to deal with other matters and manage its calendar.  On the other hand, the third, fourth, and fifth factors weigh more heavily against such dismissal.  Plaintiff's failure to file an opposition helps, rather than hurts, defendant's chances of prevailing on his motion; there is a strong public interest in allowing defendant to be heard on the merits of his motion; and the less drastic procedure set forth in the local rules is both available and fitting in this case.  Accordingly, in the exercise of its discretion,

the court will decline to exercise its authority to dismiss as a sanction under Rule 41(b), and will consider defendant's motion for summary judgment on its merits.

II.     Failure to Exhaust Administrative Remedies.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner confined in any jail, prison, or other correctional facility is required to exhaust all available administrative remedies before initiating a civil action with respect to prison conditions.  The PLRA's exhaustion requirement applies to all inmate suits about prison life, including actions brought under § 1983 against prison officials based on isolated instances of excessive force.  See Porter v. Nussle, 534 U.S. 516, 522–32 (2002).  To properly exhaust administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules," Woodford v. Ngo, 548 U.S. 81, 88 (2006), including any available administrative appeal procedures, see Brown v. Valoff, 422 F.3d 926, 937–38 (9th Cir. 2005).

The uncontroverted facts here, as presented in declarations and exhibits submitted in support of defendant's motion, establish that plaintiff filed multiple grievances, but did not pursue any appellate review of those grievances through the required procedures.  (See Docket No. 49-3 at 1–105.)  The complaint suggests that plaintiff was aware that filing of this action requires administrative exhaustion but that the lack of exhaustion on his claims was "due to things changeing [sic] with the way our greivence [sic] forms are different along with other things that's new" that allowed prison officials to "ignore our greivence [sic] forms."  (See Compl. (Docket No. 1) at 5.)  These vague, unsupported allegations do not satisfy plaintiff's burden of producing evidence that there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  See Draper v. Rosario, 836 F.3d 1072, 1080 (9th Cir. 2016).

It does appear that plaintiff was confused about what the applicable grievance procedures were.  (See ECF No. 49-3 at 87 (plaintiff's duplicative grievance referring to an outdated grievance process that was no longer in effect).)  However, the decision provided in response to plaintiff's initial grievance clearly informed plaintiff of the applicable appeal procedure, stating: "If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the

1 | California Department of Corrections and Rehabilitation Office of Appeals." (See id. at 89.) In

2 | response to a duplicative grievance submitted by plaintiff, plaintiff was instructed not to

3 | "resubmit this claim to the Office of Grievances," but to instead "appeal the rejection decision to

4 | CDCR's Office of Appeals." (See id. at 83.) It appears that plaintiff was provided with the

5 | appeal form at least once. (See id. at 102 ("In the decision letter you were instructed if you were

6 | not satisfied you may submit your grievance to the Office of Appeals (OOA) on a CDCR 602-2

7 | (providing with the decision letter) . . . .").)

8 |     Based on the record before it, the court concludes that the administrative grievance

9 | process was available to plaintiff, and that he failed to exhaust that process. Cf. Marella v.

10 | Terhune, 568 F.3d 1024, 1027–28 (9th Cir. 2009) (remedies were unavailable to inmate who did

11 | not have access to required grievance forms and had not been adequately informed of the

12 | remedies available to him). Because plaintiff failed to fully exhaust his administrative remedies,

13 | defendant is entitled to summary judgment on plaintiff's claims.

14 |     IT IS THEREFORE ORDERED that defendant's motion for summary judgment (ECF

15 | No. 49) be, and the same hereby is, GRANTED, and the Clerk is ordered to enter judgment in

16 | favor of defendant Gomez and against the plaintiff in this action.

17 | Dated:  January 19, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE